UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE ARMANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3317** |
| **WARDEN JAMES M. LEBLANC** | **SECTION "J" (6)** |

# REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED AS SUCCESSIVE, or alternatively, DENIED ON THE MERITS WITH PREJUDICE.**

Procedural Background[1]

EDDIE J. ARMANT is a state prisoner serving a sentence of forty (40) years without benefit of parole, probation or suspension of sentence, having been convicted after a bench trial in St. James Parish, Louisiana, of the crime of attempted second degree murder, a violation of La. R.S. 14:27, 14:30.1. Armant appealed his state conviction and sentence and both were affirmed on May 27, 1998 by the Louisiana Court of Appeal, Fifth Circuit.[2] A request for review of this decision to the Louisiana Supreme Court resulted in a denial on November 20, 1998.[3] Armant is currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.

On May 24, 2007, the U.S. Fifth Circuit Court of Appeals denied Armant the authorization to file a successive federal habeas application as to eleven (11) claims which he sought to raise.[4] However, the Fifth Circuit stated:

---

[1] A more detailed procedural background was reported in the undersigned Magistrate Judge's earlier Report and Recommendation in Civil Action 02-0422 "J"(6), Fed. Rec. Doc. 13, and will not be repeated herein.

[2] *State v. Armant*, 719 So.2d 510 (La. App. 5th Cir., 5/27/98)(97-KA-1256).

[3] *State v. Armant*, 729 So.2d 4 (La., 11/20/98) (98-KO-1909).

[4] On or about February 19, 2002, Armant filed an earlier habeas action, Civil Action 02-0422 "J"(6), in this court, raising the claim that his sentence was illegally lenient. This issue was addressed by this court on the merits and resulted in a dismissal of his habeas petition with prejudice. Petitioner had argued that the trial court had sentenced him to a term of forty years with credit for time served but had failed to indicate that the sentence was to be served without benefit of parole, probation or suspension of sentence. This court denied relief relying upon LSA-R.S. 15:301.1A. That statute provides that whenever a criminal statute requires that a sentence under that

2

> Armant also argues that in December 2005, the Louisiana Department of Corrections improperly increased his sentence, thereby delaying his eligibility for parole until 2016. He avers that the increase violated his due process rights and that he was denied his Sixth Amendment right to counsel.

The Fifth Circuit went on to conclude that since Armant had claims that arose from "postconviction, postsentence administrative actions by the Louisiana Department of Corrections", actions which took place "after Armant filed his last motion for authorization", the claims may not be successive. The Fifth Circuit therefore denied Armant's motion for leave to file a §2254 petition relative to claims related to the December 2005 recalculation of his sentence as "unnecessary". The Fifth Circuit also stated that "the district court is free to determine with more specificity whether these sentencing claims are successive," citing *In re Cain*, 137 F.3d 234, 236 n.3 (5th Cir. 1998).[5]

In his petition, Armant claims that the Louisiana Department of Corrections "amended" his (illegally lenient) sentence on December 20, 2005, effectively extending his

---

statute be served without benefit of parole, probation or suspension of sentence, the sentence imposed is deemed to be given under those conditions even if the sentencing court fails to state that all or a portion of a sentence is to be served without benefit of parole, probation or suspension of sentence. This court also found that, since the sentence imposed was *deemed* to be 40 years without benefit of parole, probation or suspension of sentence, any re-sentencing of petitioner to correct the trial court's omission would not be a harsher sentence. See Rec. Doc. 13, dated 5/13/02, *Eddie Armant v. C.M. Lensing*, Civil Action 02-0422 "J"(6).

On or about August 11, 2003, Armant also filed Civil Action 03-2216 "J"(6), which was identified as a successive petition and transferred to the U.S. Fifth Circuit Court of Appeals for authorization to be filed as such. The Fifth Circuit denied authorization on September 12, 2003.

[5]See *In Re: Eddie J. Armant*, 07-30376 (5th Cir. 2007).

parole date, in violation of his due process rights. He also argues that he was denied the right to counsel and the right to be present at this sentencing "amendment".[6] For the foregoing reasons, petitioner's claims do not justify federal habeas relief.

## Statement of Fact[7]

On the evening of May 7, 1996, Crystal Armant (Crystal) went to her mother's, Mildred Armant's (Mrs. Armant), apartment in the Baytree Housing Project in Vacherie to pick up her two young sons. She was concerned for the safety of her sons and her mother because defendant, her brother, was at the apartment. Defendant had been hostile toward Crystal and Mrs. Armant.

Shortly after Crystal arrived at the apartment, defendant began to argue to with Mrs. Armant. He complained that their mother planned to go to their sister's house in order to get away from him. When Mrs. Armant voiced her intention to leave, defendant punched Crystal in the eye. Defendant then punched Crystal's four-year-old son in the nose. Crystal's children ran from the house. Her vision blurred by the blow, Crystal went outside and called to neighbors for help.

---

[6] See Rec. Doc. 1, Petition at p. 4 & 5.

[7] The Statement of Fact is taken from the Louisiana Court of Appeal, Fifth Circuit's opinion in *State v. Armant*, 719 So.2d 510 (La. App. 5th Cir., May 27, 1998). The facts of petitioner's crime are not contested in this habeas action.

Crystal ran through her mother's back yard toward the home of a neighbor, Brenda Bazile (Bazile). Defendant followed her and stabbed her in the face with a long-handled barbeque fork. She dropped to the ground and defendant continued to stab her about the head. She blacked out for a short time, then recovered her senses and attempted to fend off defendant. When she attempted to take the weapon from defendant, he bit her on the arm. Crystal then ran to Bazile's door and asked for help. Although Bazile was at home, she did not let her in (sic) Crystal out of fear of defendant.

Other neighbors, including Beverly Priestly (Priestly) and Wanda Jackson (Jackson), witnessed the attack. Priestly testified that she saw defendant hit Crystal with his fist and stab her and that she telephoned police to report the incident. Eddie Lewis, who witnessed the incident while visiting with Crystal, testified that he saw defendant stab Crystal with a barbeque fork. The attack finally ended when Priestly grabbed Crystal and took her across the street to Jackson's house. An ambulance arrived five minutes later and Crystal was transported to Chabert Medical Center in Houma.

Dr. Dereza Malik testified that he treated Crystal in the emergency room for stab wounds to the head and face, a human bite wound to the arm and a serious injury to the left eye. A cathode ray tube scan (CT scan) revealed a fracture to the ethmoid wall, a part of the sinus system.

Defendant's father, Sidell Armant, testified that he knew defendant and Crystal to fight, but that their fights are typical sibling disputes. He further testified that defendant is not a bad person.

<u>Claim One: Amendment to Sentence Violated Due Process</u>

*Successiveness*

Petitioner claims that on December 20, 2005, the Louisiana Department of Corrections "amended" his sentence, thus also amending his parole eligibility date to May 8, 2016. He specifically claims that his parole date was extended by the Department of Corrections by a period of "6 years and 8 months". Petitioner is apparently referring to information found on a Department of Public Safety and Corrections (DPSC) Master Record dated 12/20/2005 which indicates that Armant's parole eligibility date is May 8, 2016.[8] No document reflecting an earlier parole date has been provided by Armant nor could any document reflecting an earlier parole date be found in the state court record. Without any evidence showing the parole date was changed, it is impossible to know if the DPSC actually "amended" Armant's parole eligibility date. In response to a written administrative request sent by Armant to the Department of Corrections, a DPSC Master Record document was issued which states: "amended 12/20/05". No explanation is given as to the information which was actually amended. Later in that document, under the title, "Release Information",

---

[8] See State Rec. Vol. 8 of 15, for a copy of this document.

the date of 05/07/2036 is shown as the FTD or full term date and 05/08/2016 is listed as petitioner's PEG or parole eligibility date. However, it is impossible to discern what, if anything, was amended on Armant's DPSC Master Record without the existence of a prior Master Record. The only thing that is clear is that petitioner is arguing that an earlier parole date than May 8, 2016 is the correct date for his eligibility for parole release.[9] He claims, without documentary or other support, that he should have been released in May of 2009.

The record shows that Armant was sentenced for the crime of attempted second degree murder on August 11, 1997 to a term of forty (40) years, with credit for time served.[10] At the time of his sentencing, the sentencing judge failed to state on the record that the sentence was to be served without benefit of parole, probation, or suspension of sentence, as the charging statute required.[11] On direct appeal, the Louisiana Court of Appeal, Fifth Circuit,

---

[9] As such, petitioner's claim is reviewable by a writ of habeas corpus rather than through an action under Section 1983, as it appears he tries to argue. See *Benson v. New Jersey State Parole Board*, 947 F.Supp. 827, 832, citing *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 1835-36, 36 L.Ed. 2d 439 (1973)(suit seeking correction of parole eligibility date is an attack on the duration of confinement and sole remedy is a writ of habeas corpus).

[10] See State Rec. Vol. 6 of 15, Sentencing transcript dated August 11, 1997 at p. 6.

[11] At the time of petitioner's crime, LA-R.S. 14:30.1 provided: "Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence." LA-R.S. 14:27 provided the following regarding "attempt" crimes: "If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without the benefit of parole, probation, or suspension of sentence". Since Armant was convicted of the attempted crime of "second degree murder", a crime for which a life sentence is mandated without benefit of parole, probation or suspension of sentence, his sentence of 40 years was clearly to be served without benefit of parole, probation or suspension of sentence.

in an errors patent review, *sua sponte* noted that the trial court had imposed an illegally lenient sentence upon Armant as the sentencing court had failed to state that the sentence was to be served without benefit of parole, probation, or suspension of sentence. The court noted, however, "... [A]n appellate court may not amend or set aside an illegally lenient sentence on its own motion, when the defendant has appealed and the State has not sought review of sentence", citing *State v. Bradford*, 95-929 (La. App. 5th Cir. 6/25/96), 676 So.2d 1108, 1111.[12] The court further noted that the state had not raise the issue.[13]

Subsequent to his direct appeal, Armant raised the issue that he had been given an illegally lenient sentence numerous times in the state courts, beginning in 2000 in a motion to correct illegal and unconstitutionally excessive sentence. All such motions were denied. As previously noted in footnote 4 of this Report and Recommendation, the issue of his sentence being illegally lenient was also the subject of his 2002 federal habeas petition, which this court denied.

Before this court, Armant now wants to argue that he should be allowed to file a second or successive federal habeas petition challenging the "amendment" to his sentence and its effect on his parole eligibility date because the "amendment" occurred on December

---

[12] *Armant*, 719 So.2d at 512.

[13] *Id.*

8

20, 2005, after the filing of the first federal habeas petition and therefore could not have been raised in his prior petition.

28 U.S.C. Section 2244(b)(2) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In this case, Section 2244(b)(2)(A) clearly is inapplicable as petitioner does not propound that a new rule of constitutional law provides him with grounds for relief. As to Section 2244(b)(2)(B)(i) and (ii), the court finds that petitioner fails to meet the standard set forth in the statute.[14]

---

[14] The U.S. Fifth Circuit denied petitioner's request for authorization to file the instant successive petition as "unnecessary", citing *In re Cain*, 137 F.3d 234 (5th Cir. 1998). Cain challenged disciplinary proceedings commenced against him by the Texas Department of Criminal Justice which caused him to forfeit "good time". Since the disciplinary action occurred after Cain's earlier federal habeas petitions had been resolved, the court found the claims could not have been raised in the earlier petition. The Fifth Circuit also denied the request for authorization as unnecessary because the new §2254 petition filed by Cain challenged administrative action taken rather than the validity of his original conviction or sentence and thus was not considered an abuse of the writ. *Id.*

Armant's situation is distinguishable from Cain's. First, as will be explained herein, he provides no evidence of an administrative alteration to his sentence or his parole eligibility. Second, although he characterizes the DPSC's alleged "amendment" as an administrative action

The factual predicate for the claims currently before the court are virtually identical to the facts previously propounded by petitioner in his earlier federal petition, Civil Action 02-0422. The factual basis of Armant's claim essentially boils down to the state court judge's failure to state the "magic words" that Armant's sentence was to be served without benefit of parole, probation or suspension of sentence. The court's failure to do so first resulted in Armant's 2002 claim that his sentence was "illegally lenient". That claim was rejected because the effect of LSA-R.S. 15:301.1A meant that the 40 year sentence to be served was deemed to be without benefit of parole, probation or suspension of sentence *at the very moment the sentence was imposed*, even though the sentencing judge failed to state that the sentence would be served without benefits. Now Armant asserts the same factual basis in support of his claim that the DPSC has illegally "amended" his parole eligibility date when the record shows that the DPSC Master Record merely reflects the fact that petitioner's sentence was *always* to be served without benefit of parole, probation or suspension of sentence, again due to the effects of LSA-R.S. 15:301.1A . Armant attempts to show that a new date has "triggered" a new claim, i.e., the December 20, 2005 date when the DPSC generated a copy of his Master Record. However, Armant cannot establish that this was the

---

taken against him, he is actually challenging the validity of the original sentence imposed upon him, which he claims was imposed in an "illegally lenient" manner although it was corrected by application of LA-R.S. 15:301.1A to reflect that it was to be served without benefit of parole, probation or suspension of sentence. Finally, unlike Cain, Armant cannot prove that he has had his sentence increased by the DPSC's actions as his sentence (and resulting parole eligibility date) remains unaltered from the sentence originally imposed upon him, i.e., a 40 year sentence to be served *without* benefits.

date when *a new factual basis* arose. Rather it appears that December 20, 2005 was merely the date when Armant was notified of his parole eligibility, a date which conflicted with the date that Armant believed to be correct. Without evidence of an earlier parole eligibility date, Armant cannot establish that his parole eligibility date was ever amended.[15]

Given the common factual basis between petitioner's claims in his first federal petition and the facts alleged in the instant case, petitioner cannot show that the factual predicate for his current claim could not have been discovered previously through the exercise of due diligence. Petitioner should have been aware that his sentence was imposed without the court stating that it was "without benefits" at the time of his initial sentencing. He also was put on notice of these facts during his direct appeal when the state appellate court noted a problem with his sentencing in its errors patent review. Although petitioner attempts to get around the prohibition against filing a second or success federal habeas application by arguing that the December 20, 2005 "amendment" triggered his current claim, the court finds petitioner was aware of the factual basis of his claim before filing his first federal petition and also finds that there is no evidence to support the claim that his parole

---

[15]In fact, in the Report & Recommendation originally issued by the undersigned Magistrate Judge in Civil Action 02-0422, this court reported that petitioner himself had "extrapolated" his original parole eligibility date after *assuming* that his 40 year sentence was to be served *with* the benefit of parole, probation and suspension of sentence. Based upon his unsupported contention that his sentence was imposed *with* benefits, petitioner claimed at that time that after serving a term of thirteen years and 4 months, or 1/3 of his actual sentence, he would be eligible for parole. However, even during his first attempt to obtain federal habeas relief, petitioner could not point to any actual evidence that his parole eligibility date was earlier than his current parole eligibility date of May 2016.

eligibility date was actually amended. Armant fails to show that the factual predicate of his claim was unavailable to him at the filing of his earlier petition and fails to meet the requirements of §2244(b)(2)(B)(i).

Additionally, in order for Armant to be allowed to file a second or successive application, he must also show that the facts underlying his claim, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. Armant's claim does not challenge his guilt or innocence and thus fails to meet the requirements of §2244(b)(2)(B)(ii). Accordingly, Armant's current claims that the Louisiana Department of Corrections illegally amended his parole eligibility date in violation of his due process rights, in violation of his right to counsel and in violation of his right to be present at his sentence amendment do not meet the requirements of 28 U.S.C. §2244(b)(2)(B)(i) and (ii) and should not be allowed to be filed in a successive habeas petition.

However, in the event that a reviewing court should find that the claim is not barred as successive, this court also addresses the merits of Armant's claims in the alternative.[16]

---

[16]The court is mindful that Armant's petition has been pending for some time and finds, in the interest of judicial efficiency, that it would not be beneficial to have his petition subsequently remanded by a reviewing court if the petition is determined not to be barred from review. Thus a merit review seems appropriate. For the same reason, the court pretermits the issue of exhaustion that is raised by the State. A Westlaw search shows that Armant has filed other pleadings in the state courts since the time that his original petition was filed with this court. Copies of his pleadings and the resulting decisions are not contained in the state court record filed with this court. Thus the court is unable to determine from the record before it whether Armant has exhausted his state remedies. The court has the discretion to deny an unexhausted claim, however, under 28 U.S.C.

*Merits Review*

As previously explained, Armant argues that his parole eligibility date has been illegally extended by the Department of Corrections, based upon a comparison of the date that Armant projects should have been his parole eligibility date (after 1/3rd of his sentence was served) and his actual parole eligibility date of 2016 (as provided to him on his Master Record dated 12/20/2005). Again, Armant fails to show that his parole eligibility date has, in fact, been amended. Additionally, Armant ignores the fact that his original 40 year sentence was imposed *without* the benefit of parole, probation or suspension of sentence by virtue of the effect of LSA-R.S. 15:301.1A[17], and his parole eligibility date arises out of that sentence. Since Armant is serving the exact sentence which was originally imposed upon him and is eligible for parole on the date that has always been his parole eligibility date, the court finds no violation of due process.

Claims Two and Three: Denied the Right to Counsel and to be Present<br>When His Parole Eligibility Date Was Amended

Since the court finds that petitioner has failed to establish that an amendment to his parole eligibility date actually occurred, petitioner's claim that he was denied counsel and the right to be present at the time of the amendment also must fail. Moreover, to the extent the Department of Corrections notified petitioner of his parole eligibility date, no

---

2254(b)(1)(2) and exercises its discretion to do so.

[17]The "without benefits" portion of petitioner's sentence is self-activated. *See State v. Smith,* 2009 WL 1270320 (La. App. 1st Cir. 2009); *State v. Moore*, 958 So.2d 36 (La. App. 5th Cir. 2007).

hearing was required, nor did counsel need to be appointed since the parole eligibility date was not altered from the originally imposed date. Additionally, the state courts were not required to take action to correct the trial court's failure to specify that petitioner's sentence was to be served without benefit of parole, probation or suspension of sentence since any correction made to the sentence was "statutorily effected". *See State v. Hall*, 843 So.2d 488 (La. App. 4th Cir. 2003); and, *State v. Phillips*, 853 So.2d 675 (La. App. 4th Cir. 2003).

## **RECOMMENDATION**

Accordingly, it is hereby **RECOMMENDED** that petitioner's application for habeas corpus relief be **DISMISSED AS SUCCESSIVE. Alternatively, the petition should be DENIED WITH PREJUDICE ON THE MERITS**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this 22nd day of March, 2010.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[18] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.